UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MUNTHER MAHMOUD

        Plaintiff,

   v.

AKIMA GLOBAL SERVICES, LLC, et
al.,

        Defendants.

18-CV-485 (JLS)

---

## DECISION AND ORDER

On April 26, 2018, Plaintiff Munther Mahmoud commenced this action
asserting various state and federal claims against Defendants arising from his
treatment while detained at the Buffalo Federal Detention Facility. Dkt. 1. On
September 18, 2019, this Court[1] referred this case to United States Magistrate
Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).
Dkt. 97. On March 12, 2020, Judge Roemer issued a Report and Recommendation
("R&R") recommending that the motions to dismiss be granted in their entirety.
Dkt. 116.

For the reasons stated below, this Court accepts and adopts the R&R in full.
The motions to dismiss (Dkts. 75, 80, 87) are granted.

---

[1] Judge Vilardo was originally assigned to this case and made the referral to
Magistrate Judge Roemer. Dkt. 97. On January 6, 2020, the case was reassigned
to Judge John L. Sinatra, Jr. Dkt. 108.

**BACKGROUND**

This Court will assume the parties' familiarity with the facts and procedural history and will summarize the history of this case briefly.

On or about June 9, 2016, Mahmoud was a detainee at the Buffalo Federal Detention Facility, operated by Immigration and Customs Enforcement ("ICE"), an agency within the United States Department of Homeland Security. Dkt. 71, at 2 ¶ 2. At this time, ICE had a contract in effect with Akima Global Services, LLC ("AGS") for support services to the detention facility. Dkt. 81, at 3 ¶ 9; *see generally* Dkt. 81, at 7-118. Mahmoud's complaint describes an incident from June 9, 2016: after a verbal confrontation with another detainee, Mahmoud was forcibly removed from his cell and placed in the Segregated Housing Unit, where he was denied clothing, food, and medical assistance. Dkt. 71, at 2-4, ¶¶ 3-9; Dkt. 71, at 19-22, ¶¶ 99-103. Mahmoud also alleges that he did not receive proper medical care at the infirmary and suffered retaliation—including the June 9, 2016 assault—for filing complaints. Dkt. 71, at 4 ¶¶ 10-12; Dkt. 71, at 23 ¶¶ 110-114. In all, Mahmoud's second amended complaint alleges twenty causes of action under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403, U.S. 388 (1971), including negligence, assault, battery, and various violations of Mahmoud's constitutional rights. Dkt. 71, at 2 ¶ 1; *see generally* Dkt. 71, at 31-60 ¶¶ 153-296.

Mahmoud filed the initial complaint on April 26, 2018. Dkt. 1. Mahmoud filed an amended complaint on July 24, 2018, and a second amended complaint on

February 8, 2019. Dkts. 4, 71. Defendant Miller-Jones filed a motion to dismiss on April 1, 2019. Dkt. 75. The United States also filed a motion to dismiss all claims against it and its employees—except those relating to alleged negligence in providing medical care—on April 1, 2019. Dkt. 80. The Akima Defendants filed a motion to dismiss on May 1, 2019. Dkt. 87. Plaintiff filed opposition papers to the Akima Defendants' and the United States's motions on June 21, 2019. Dkts. 91, 92. The United States and the Akima Defendants replied on August 15, 2019. Dkts. 95, 96. On December 4, 2019, Judge Roemer heard oral argument on the motions. Dkt. 107.

In the R&R, Judge Roemer recommended granting all the motions to dismiss. Dkt. 116, at 1. First, Judge Roemer recommended dismissal of the following claims based on the parties' oral and written stipulations: the claims against Defendant Miller-Jones; the claims for assault, battery, and intentional infliction of emotional distress against Akima because the statute of limitations for those claims expired; and the Section 1983 and *Bivens* actions against the Akima parties because the Akima parties are private corporate entities. Dkt. 116, at 4. As for Defendant Akima Logistics Services, Judge Roemer recommended granting the motion to dismiss for lack of personal jurisdiction because Akima Logistics Services is a separate corporate entity from Akima Global Services and was not involved in the events in Mahmoud's claims. Dkt. 116, at 10. As for Defendant AGS, Judge Roemer recommended this Court grant the motion to dismiss and decline to exercise supplemental jurisdiction over the remaining state law causes of action. Dkt. 116,

at 11. As for the United States, Judge Roemer, after examining the contract between ICE and AGS, concluded that AGS is an independent contractor, not an employee of ICE. Dkt. 116, at 13-19. Thus, Judge Roemer recommended granting the United States's motion to dismiss in its entirety, leaving only the negligent medical treatment claims to proceed. Dkt. 116, at 19.

On May 26, 2020, Mahmoud objected to the R&R on the following grounds: (1) Judge Roemer erred in recommending that the Court decline to exercise supplemental jurisdiction over the remaining state law causes of action against the Akima Defendants; and (2) Judge Roemer erred in concluding that Akima and its employees are not employees of the United States for purposes of the Federal Tort Claims Act. Dkt. 123, at 1-2. Both the Akima Defendants and the United States responded to Plaintiff's objections and argued that the R&R should be adopted. Dkts. 124, 125.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objections and response, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation

4

to grant the motions to dismiss in their entirety.  Consistent with the R&R, the Court also declines to exercise supplemental jurisdiction over the remaining state law causes of action.  Thus, the only claim remaining is the negligent medical care claim against the United States.

## CONCLUSION

For the reasons stated above and in the R&R, Defendant Miller-Jones's motion to dismiss (Dkt. 75) is GRANTED; Defendants AGS and ALS's motion to dismiss (Dkt. 87) is GRANTED; and Defendant United States's motion to dismiss (Dkt. 80) is GRANTED.  The case is referred back to Judge Roemer for further proceedings consistent with the referral order of September 18, 2019 (Dkt. 97).


SO ORDERED.


Dated:        July 10, 2020
             Buffalo, New York


                              _____
                              JOHN L. SINATRA, JR.
                              UNITED STATES DISTRICT JUDGE