UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MUNTHER MAHMOUD,                                     18-CV-00485-JLS-MJR

                              Plaintiff,

        v.                                           REPORT AND
                                                     RECOMMENDATION

UNITED STATES OF AMERICA,

                              Defendant.

---

## INTRODUCTION

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) by the Honorable John L. Sinatra, Jr. for all pre-trial matters, including preparation of a report and recommendation on dispositive motions.[1] Before the Court is a motion to dismiss Plaintiff's claims brought by Defendant United States of America (the "Government") pursuant to Fed. R. Civ. P. 12(h)(3). (Dkt. No. 130).  For the reasons outlined below, this Court recommends that the District Court grant the Government's motion to dismiss.

## BACKGROUND and PROCEDURAL HISTORY

The Court assumes familiarity among the parties with the case and its procedural history. Therefore, only the relevant facts and history are outlined here. For a broader review of the facts and allegations contained in Plaintiff's Second Amended Complaint (Dkt. No. 71), the Court refers to its previous Report & Recommendation entered on March 12, 2020. (Dkt. No. 116). That Report & Recommendation addressed motions to

---

[1] This case was originally referred by the Honorable Lawrence J. Vilardo. (Dkt. No. 97). The case was subsequently reassigned to Judge Sinatra, who maintained the dispositive referral to this Court. (Dkt. No. 108).

dismiss brought by Defendants Diana Miller-Jones, Akima Logistics Services, LLC, Akima Global Services, LLC, and the United States of America. (*Id.*). Therein, this Court recommended dismissal of Plaintiff's claims against all Defendants, with the exception of Plaintiff's claims of negligent medical treatment against the Government under the Federal Tort Claims Act ("FTCA"). (*Id.*). On July 10, 2020, the District Court issued a Decision and Order adopting this Court's recommendations over the objections of Plaintiff and dismissing all causes of actions except Plaintiff's medical negligence claims. (Dkt. No. 126).

Following the District Court decision on Defendants' motions, the Government filed the instant motion to dismiss on November 9, 2020. (Dkt. No. 130). The grounds for this motion were set out in the Government's supporting memorandum and the declaration of Jeannette Litz, a paralegal specialist employed by the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, District Court Litigation Division. (Dkt. Nos. 131, 134, 135). At this time, the Government seeks dismissal of Plaintiff's remaining claims of negligence in the provision of medical care on the grounds that the Court lacks subject matter jurisdiction over said claims. (*Id.*). On December 4, 2020, Plaintiff requested an extension of time to respond to the motion. (Dkt. No. 137). An extension was granted by text order. (Dkt. No. 138). However, Plaintiff failed to file a response in opposition to the motion. The Government filed a Notice of No Reply in light of Plaintiff's non-response. (Dkt. No. 139). On February 9, 2021, the Court heard oral argument on the motion and deemed the matter submitted.

## DISCUSSION

### Standard of Review

As a threshold matter, a court must determine whether it has subject matter jurisdiction over a plaintiff's claims. *Foster-Bey v. Potter*, 296 F. Supp. 2d 195, 201 (D. Conn. 2003). Under Fed. R. Civ. P. 12(h)(3), a party may bring a motion challenging the federal court's subject matter jurisdiction at any time. *See Sit N' Stay Pet Servs. V. Hoffman*, 17-CV-116, 2017 U.S. Dist. LEXIS 143206, at *4 (W.D.N.Y. Sept. 5, 2017). Generally, motions brought pursuant to Rule 12(h)(3) are subject to the same standard as motions to dismiss for want of subject matter jurisdiction brought pursuant to Rule 12(b)(1). *See Canadian St. Regis Band of Mohawk Indians v. New York*, 388 F. Supp. 2d 25, 29 (N.D.N.Y. 2005).

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of "showing by a preponderance of the evidence that subject matter jurisdiction exists." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003). In turn, "a motion to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Pennacchio ex rel. Old World Brewing Co., Inc. v. Powers*, 05-CV-0985, 2007 U.S. Dist. LEXIS 8051, at *6 (E.D.N.Y. Feb. 5, 2007). A court must accept as true all material factual allegations in the complaint, but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). A

3

court may refer to evidence outside the pleadings when resolving questions of jurisdiction under Rule 12(b)(1). *See Luckett v. Burre*, 290 F.3d 493, 496-97 (2d. Cir. 2002) (citations omitted).

### *Plaintiff's Lack of Opposition to Motion*

As a starting point, although the Government's motion to dismiss is unopposed, the Court must still consider the motion on its merits. Courts are generally prohibited from granting a motion to dismiss solely because the plaintiff failed to respond. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir.2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."); *see also James v. John Jay College of Crim. Justice*, 776 Fed. Appx. 723, 724 (2d Cir. 2019) (summary order) (explaining that a plaintiff's lack of opposition to a motion to dismiss does not, without more, justify dismissal). However, the Court notes that during oral argument on this motion, Howard R. Greenwald, Esq., an attorney appearing on behalf of Plaintiff, [2] suggested that he did not oppose the motion. Mr. Greenwald made statements on the record to the effect that he did not file any opposition because he believed the grounds for the motion are correct. Mr. Greenwald further explained that Plaintiff maintains a related action in the District Court for the Eastern District of New York, and that he was considering discontinuing this action in favor of that case. Since that time, no stipulation of discontinuance has been filed. In the interest of justice and because Plaintiff has not formally consented to dismissal, the merits of the Government's motion are addressed as follows.

---

[2] The Court also notes that Mr. Greenwald is not the attorney of record for Plaintiff. He advised the Court during oral argument that he is employed with Chopra & Nocerino LLP, the law firm representing Plaintiff.

*Subject Matter Jurisdiction*

Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Admin. v. Burr*, 309 U.S. 242, 244 (1940)). Sovereign immunity is jurisdictional in nature. *Meyer*, 510 U.S. at 475. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). A waiver of the federal government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. *See Lane v. Pena*, 518 U.S. 187, 192 (1996).

Plaintiff's claims against the United States in this action are brought pursuant to the Federal Tort Claims Act. (Dkt. No. 71, ¶ 1). In 1946, Congress enacted the FTCA, which "constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances." *Liranzo v. United States*, 690 F.3d 78, 84-85 (2d Cir. 2012). The relevant section of the FTCA provides that

> the district courts [...] shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages [...] for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA is a limited waiver of the government's sovereign immunity. *See Hall v. United States Gen. Servs. Admin.*, 825 F. Supp. 427, 429 (D.N.H. 1993). Therefore, the terms and conditions of the FTCA set the boundaries of subject matter jurisdiction for courts in entertaining tort suits against the United States. *Id.* (citing *Soriano v. United States*, 352 U.S. 270 (1957)). The United States' waiver of immunity under the FTCA "is to be strictly construed in favor of the government." *Liranzo*, 690 F.3d at 84 (citing *Long Island Radio Co., v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988).

Importantly, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, the FTCA includes the following presentment requirement:

> an action shall not be instituted upon a claim against the United State for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claims shall have been finally denied by the agency […].

28 U.S.C. § 2675(a). A tort claim against the United States "shall be forever barred" unless it is timely presented to the appropriate federal agency. *See* 28 U.S.C. § 2401(b) (a claim is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing […] of notice of final denial of the claim by the agency to which it was presented."). If a plaintiff fails to comply with this procedure, the federal courts are without jurisdiction to entertain the case. *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983). "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil*, 508 U.S. at 113.

Here, the Government contends that Plaintiff's medical negligence claims are barred by law because Plaintiff failed to present such claims at the administrative level. In the Second Circuit, "a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Mayes v. United States*, 790 Fed. Appx. 338, 339-40 (2d Cir. 2020) (summary order) (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam)). A claim must "provide minimal notice that (1) gives the agency written notice of [the] claim sufficient to enable the agency to investigate and (2) places a value on [the] claim. *Matthias v. United States*, 475 F. Supp. 3d 125, 136 (E.D.N.Y. 2020); *see also* 28 C.F.R. § 14.2. Though satisfying the presentment requirement is hardly onerous, it does demand consistency between the facts the claimant presents to the agency and the facts he alleges in his complaint. *Smith v. United States*, 157 F. Supp. 3d 32, 38 (D.D.C. 2016). A plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts. *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-12 (7th Cir. 1991) (quoting *Dundon v. United States*, 559 F. Supp. 469, 476 (E.D.N.Y. 1983)).

Accordingly, courts have consistently dismissed claims where plaintiffs asserted one claim before the administrative body and subsequently commenced suit based on different claims. *See e.g. Deloria*, 927 F.2d at 1011-12 (affirming district court's dismissal of additional tort claims against the Department of Veterans Affairs, namely medical malpractice and negligence, where plaintiff's administrative claim alleged conspiracy to deprive him of his benefits); *Schwartz v. United States*, 19-CV-7846, 2020 U.S. Dist. LEXIS 170593 (S.D.N.Y. Sept. 17, 2020) (dismissing plaintiff's subsequent claims for medical malpractice and negligent hiring on the grounds that the administrative notice of

claim based on common negligence did not provide sufficient notice to permit the agency to investigate such new claims); *Matthias*, 475 F. Supp. 3d at 139 (finding that plaintiff did not satisfy the exhaustion and presentment requirement for a lack of informed consent claim because the initial administrative claim asserted only medical malpractice).

Here, Plaintiff submitted a "Form SF-95, Claim for Damage, Injury or Death," to the United States Department of Justice on or about December 10, 2016. *See* Declaration of Jeannette Litz, Ex. A (Dkt. Nos. 134, 135). In this administrative claim, Plaintiff stated that the basis of his claim was a single incident which occurred on June 9, 2016 at 12:05 p.m. (*Id.*, at 1). He claimed that, following an argument between Plaintiff and another detainee, officers used excessive force by handcuffing him, pulling on his wrists, putting a hand on his head/neck, and pushing him to the ground, causing injury. (*Id.*, at 1-3). He further alleges that since the incident, he has received "intensive care and therapy, and continue[s] to receive same to this day, and will continue to receive same for an unknown length of time in the future." (*Id.*). Plaintiff enclosed medical records from June 9, 2016 to November 7, 2016.[3] He indicated that the nature of his injuries were "extensive injuries to the lower back, including but not limited to two fractured vertebrae, which caused other problems including nerve damage," that he was using a wheelchair, was in extreme pain, and was "still consulting with specialists." (*Id.*, at 1). He further reported that he received "steroid injections to the nerve center in the spine and that a physician told him that if the treatment was not successful, he would need to undergo surgery to correct the injury. (*Id.*, at 3). Plaintiff also attached to the claim a letter dated June 23, 2016 addressed to the Buffalo Federal Detention Facility in which he referenced a grievance he had filed

---

[3] On March 16, 2017, Plaintiff supplemented his administrative claim by providing additional records from medical providers relative to the treatment for his injuries. (Litz Declaration, Ex. B, at 186-230).

against the officers who handcuffed him on June 9, 2016. (*Id.*, at 4-5). Plaintiff's administrative claim was denied by letter dated December 20, 2018. (*See* Litz Decl., Ex. C).

In contrast to his administrative claim, Plaintiff's Second Amended Complaint alleges that he was treated at the infirmary following the June 9, 2016 incident, but "received minimal care and was unable to obtain proper treatments," that following the incident he was "denied proper medical care initially," and that he was "treated as if he was acting, was not injured or faking it." (Dkt. No. 71, ¶¶ 10, 103, 110). He also alleges that the health care providers on duty that night failed to provide him with any treatment whatsoever (¶ 104) and that the nurses witnessed the severely injured Plaintiff in the Secured Housing Unit and/or infirmary, but offered no assistance (¶ 141). He further claims that the failure to timely request, authorize, make arrangements for and/or timely provide adequate medical care caused injury to Plaintiff and aggravated and exacerbated his medical condition. (¶¶ 142-43). Lastly, he alleges that the Government provided negligent medical care, resulting in injury. (¶ 197).

Here, Plaintiff's administrative claim refers only to the alleged use of excessive force on June 9, 2016. Nothing in his claim, the attached letter, or the attached grievance alleges any inaction or wrongdoing by health care providers at the Buffalo Federal Detention Facility. Plaintiff submitted no allegations of inadequate, deficient, or otherwise negligent medical care. The inquiry turns on whether the content of Plaintiff's administrative claim, not his federal court complaint, put the relevant federal agency on notice of his medical negligence claims. *See Godinez-Torres v. United States*, 14-CV-1097, 2016 U.S. Dist. LEXIS 198934, at *16, n.7 (E.D.N.Y. Mar. 31, 2016). In this case,

it is clear that it did not. Accordingly, Plaintiff has failed to exhaust his administrative remedies relative to his medical negligence claims. Thus, these claims must be dismissed for lack of subject matter jurisdiction. For these reasons, the Court recommends that the Government's motion to dismiss be granted.

## CONCLUSION

For the foregoing reasons, it is recommended that the Court grant the Government's motion to dismiss and dismiss all remaining claims in Plaintiff's Second Amended Complaint. (Dkt. No. 130).

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).*

Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:        April 5, 2021
                   Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge