UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MUNTHER MAHMOUD

    Plaintiff,

v.

                                             18-CV-485 (JLS)

UNITED STATES OF AMERICA,

    Defendant.

---

## DECISION AND ORDER

On April 26, 2018, Plaintiff Munther Mahmoud commenced this action asserting various state and federal claims against Defendants arising from his treatment while detained at the Buffalo Federal Detention Facility.[1] Dkt. 1. On September 18, 2019, this Court[2] referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 97. On July 10, 2020, this Court accepted and adopted Judge Roemer's Report and Recommendation ("R&R") (Dkt. 116), resulting in dismissal of all claims except Mahmoud's claims of negligent medical treatment against the United States of America ("the Government"). See Dkt. 126.

---

[1] This Court assumes the parties' familiarity with the background and facts of this case, outlined in Judge Roemer's R&Rs (Dkts. 116, 141) and this Court's prior Decision and Order dated July 10, 2020 (Dkt. 126), and does not repeat them here.
[2] Judge Vilardo was originally assigned to this case and made the referral to Magistrate Judge Roemer. Dkt. 97. On January 6, 2020, the case was reassigned to Judge John L. Sinatra, Jr. Dkt. 108.

On November 9, 2020, the Government moved to dismiss the remaining claims pursuant to Fed. R. Civ. P. 12(h)(3). Dkt. 130. The Government argues that the Court lacks subject matter jurisdiction because Mahmoud failed to exhaust administrative his remedies in connection with the remaining claims, as required by the Federal Tort Claims Act. Dkt. 131, at 7-13; *see generally* Dkts. 130, 134, 135. Mahmoud did not file a response in opposition to the motion. *See* Dkt. 141, at 2. Judge Roemer heard oral argument on the motion on February 9, 2021.[3] Dkt. 140.

Notwithstanding Mahmoud's lack of opposition, Judge Roemer issued an R&R on April 6, 2021, addressing the merits of the motion to dismiss. Dkt. 141. Judge Roemer concluded that Mahmoud failed to exhaust his administrative remedies and the claims must be dismissed for lack of subject matter jurisdiction. *Id.* at 9-10. Thus, Judge Roemer recommended that the Government's motion to dismiss be granted. *Id.* at 10.

The parties did not object to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

---

[3] As discussed in Judge Roemer's R&R, an attorney appeared on behalf of Mahmoud at oral argument and indicated that there was no opposition to the instant motion to dismiss. Dkt. 141, at 4.

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Based on this Court's review and the absence of any objections or opposition by Mahmoud, the Court accepts and adopts Judge Roemer's recommendation to grant the Government's motion to dismiss.

For the reasons stated above and in the R&R, the Government's motion to dismiss (Dkt. 130) is GRANTED. All remaining claims in Mahmoud's Second Amended Complaint are dismissed. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:    April 28, 2021
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE